### GENET v. TALLMADGE.

Where it appears on the face of the complaint that the cause of action is barred by the statute of limitations, there the defendant may demur to the complaint;

THIS was an action against trustees. It appeared by the complaint that the cause of action arose more than twenty years anterior to the commencement of the action, and there was no allegation in the complaint showing either that the operation of the statute of limitations had been suspended or that the cause of action had been revived. The defendant

demurred to the complaint, and alleged as the ground of his demurrer that it did not show facts sufficient to constitute a cause of action. For the plaintiff it was contended that under this demurrer the defendants could not avail themselves of the objection — that it appeared on the face of the complaint that the cause of action was barred by lapse of time, and that that objection could only be raised by answer.

*Edmonds, J.:* From the complaint itself it appears that this is a stale demand of twenty or thirty years' standing, and there is nothing averred in the complaint to take the case out of the statute of limitations, except the fact that within ten years the defendants had acted in their representative capacity by bringing a suit.

The mere fact of bringing a suit without any averment that by means of it they had received any money is not of itself enough to avoid the statute.

And the case is therefore presented to me in the bald aspect, as shown by the complaint itself, not only of a stale demand which, under the practice before the Revised Statutes, would not be enforced, but as one which is barred by the limitations prescribed in the Revised Statutes.

In such a case it was always competent in equity to raise the question on demurrer.

It is so raised here, and there being no doubt that the statute of limitation is a bar, the demurrer must be allowed.